[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 167.]

IN RE APPLICATION OF KANTOR.

[Cite as In re Application of Kantor, 1997-Ohio-295.]

*Attorneys at law—Application to register as candidate for admission to the practice of law—Application denied when applicant fails to prove his character and fitness to practice law—Applicant may reapply for admission to take the July 1997 bar examination subject to second complete character and fitness investigation.*

(No. 97-413--Submitted March 31, 1997--Decided June 18, 1997.)

ON CERTIFIED REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 150.

———————————

{¶ 1} In January 1996, Matthew Kantor of Columbus ("applicant") registered for admission to the practice of law in Ohio and in April 1996 applied to take the July 1996 bar examination. Two members of the Columbus Bar Association Admissions Committee ("committee") interviewed the applicant and concluded that he did not possess the qualifications required for admission to the practice of law. Two other committee members conducted another interview and likewise concluded that the applicant did not possess the necessary qualifications. The committee then filed a report with the Board of Commissioners on Character and Fitness of the Supreme Court ("board") and recommended that applicant not be approved for admission to the practice of law. Applicant appealed the committee's recommendation, and a hearing was held in January 1997 before a panel of the board.

{¶ 2} The panel received evidence with respect to applicant's employment as a legal assistant with a Columbus, Ohio law firm, events leading to his termination from that firm, and the manner in which he described these events on

his application for bar admission. Specifically, the panel received evidence about the applicant's keeping of time sheets, his attitude toward the tasks assigned to him, his tardy filing of documents with the court, and the quality of his work. There was further evidence that applicant had falsely answered a question on his admissions application. Two panel members concluded that the applicant had the present character, fitness and moral qualifications for admission to the practice of law in Ohio and recommended that he be permitted to take the February 1997 Ohio Bar examination. One panel member concluded that because of applicant's false statement on his application, his failure to provide certain other information during the application review process, his involvement in acts of dishonesty, and his demonstrated lack of diligence and neglect of professional obligations, applicant was not presently qualified to take the bar examination and recommended that applicant not be allowed to sit for the examination before July 1997.

{¶ 3} The board adopted the findings of the dissenting panel member and recommended that the current application of the applicant be disapproved, that the applicant be permitted to reapply to take the July 1997 bar examination, and that upon reapplication, the applicant be required to submit to a second complete character and fitness investigation.

_____

*Keith McNamara* and *Michael R. Moran*, for Columbus Bar Association Admissions Committee.

*Charles W. Kettlewell*, for applicant.

_____

**Per Curiam.**

{¶ 4} We accept the board's findings, conclusions and recommendations. Applicant is hereby authorized to reapply for authorization to take the July 1997 bar examination. Costs of these proceedings are taxed to the applicant.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent and would require applicant to wait and reapply for the July 1998 bar examination.

_____